UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
UNITED STATES OF AMERICA,                  :
                                           :       **MEMORANDUM &**
               Plaintiff,  :       **ORDER DENYING**
                                           :       **DEFENDANT**
   -against-                            :       **AMARANTE-PEREZ'S**
                                           :       **MOTION FOR**
JEISSON DEJESUS AMARANTE-PEREZ,            :       **SENTENCE**
                                           :       **REDUCTION**
               Defendant.  :
                                           :       3:20-CR-00135 (VDO)
------------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

Before the Court is Defendant Jeisson DeJesus Amarante-Perez's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (Def. Mot., ECF No. 227.) For the reasons set forth below, the Court **DENIES** Defendant's motion.

**I.      BACKGROUND**

In 2019, the Drug Enforcement Administration ("DEA") began investigating a drug trafficking operation in the Waterbury area. (Presentence Report, ECF No. 181, at 6.) Case agents intercepted Defendant Amarante-Perez's telephone and various calls to which he was a party. (*Id*. at 6, 8.) These calls featured explicit discussions of drug sales and distribution. (*Id*. at 9–10.) When the Government first indicted Defendant Amarante-Perez in 2019, he was already in the Dominican Republic. *See United States v. Sosa-Ortiz et al*., No. 19-CR-276 (VLB). The Government charged Defendant by indictment a second time on August 26, 2020, and dismissed the first indictment. (Indictment, ECF No. 1; Plea Agreement, ECF No. 158, at 1.) In December 2022, Defendant Amarante-Perez pleaded guilty to one count of conspiracy to distribute, and to possess with intent to distribute, heroin and fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), (b)(1)(A)(vi) and 846. (Plea Agreement at 1.)

The Court sentenced Defendant on May 24, 2023. (*See* Judgment, ECF No. 213.) It adopted in full the first Presentence Report ("PSR"), which determined that Defendant's base offense level was thirty. (Statement of Reasons, ECF No. 218, at 1; Presentence Report at 12.) That base level dropped by two points under U.S.S.G. § 2D1.1(b)(18) and by three because Defendant accepted responsibility for his conduct. (Presentence Report at 12–13.) The Court noted that Defendant's Guidelines range was fifty-seven to seventy-one months. (Statement of Reasons at 1.) The Court eventually sentenced Defendant to a term of forty-five months in prison, followed by three years of supervised release. (Judgment at 1.)

Defendant Amarante-Perez now moves for a reduced sentence. He contends that he is eligible for a two-point reduction pursuant to 18 U.S.C. § 3582(c)(2) and the retroactive application of Amendment 821. (*See* Def. Mot. at 3.) He emphasizes his "commitment to positive behavior" and self-improvement over the past year. (*Id* at 6.) In its opposition to this motion, the Government argues that Defendant is not eligible for the two-point reduction. (Gov. Opp., ECF No. 233, at 4–5.) The U.S. Probation Office takes the same position. (Probation Memo, ECF No. 230, at 3.)

II.     **LEGAL STANDARD**

"With limited exceptions, 'a judgment of conviction that includes [a sentence to a term of imprisonment] constitutes a final judgment,' and a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Zapatero*, 961 F.3d 123, 127 (2d Cir. 2020) (alteration in original) (quoting 18 U.S.C. § 3582(b)–(c)). Section 3582(c)(2) of Title 18 creates a "'narrow exception' to this general rule of finality," *id.*, providing that "where a defendant was sentenced to a term of imprisonment based on a sentencing guidelines range that was subsequently lowered by the Sentencing Commission, a court may reduce the term of

2

imprisonment 'after considering the factors set forth in section 3553(a) . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Martin*, 974 F.3d 124, 136 (2d Cir. 2020) (alteration in original) (quoting 18 U.S.C. § 3582(c)(2)).

Amendment 821 to the United States Sentencing Guidelines Manual, which applies retroactively, "changes the way a defendant's criminal history category is calculated." *United States v. Blackwell*, No. 20-CR-126-4 (OAW), 2024 WL 489155, at *1 (D. Conn. Feb. 8, 2024). In determining whether to apply a retroactive Guidelines amendment to a defendant's sentence, a "court[] must arrive at two conclusions before reducing a sentence: first, the court must find that a defendant is eligible for a reduction; and second, the court, in its discretion, must find that a reduction is merited." *Id.* (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

### III.   DISCUSSION

"Amendment 821 went into effect on November 1, 2023, and was made retroactive by the United States Sentencing Commission." *United States v. Akintola*, No. 21-CR-472 (KPF), 2024 WL 1555304, at *13 (S.D.N.Y. Apr. 10, 2024) (citing U.S.S.G. § 1B1.10(d)).  Part B of Amendment 821 provides for a two-point decrease in the Offense Level if: (1) a defendant had no criminal history points at the time of sentencing, and (2) the offense did not include any of the "disqualifying factors" listed in § 4C1.1(a). *Akintola*, 2024 WL 1555304, at *13. Section 4C1.1(a) lays out the relevant disqualifying factors: the defendant must not have used violence or credible threats of violence in connection with the offense; the offense in question must not be a sex offense; the defendant must not have personally caused substantial financial hardship, *et cetera*. *See* U.S.S.G. § 4C1.1(a)(1)–(10).

In addition, a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission[.]" *United States v. Torres*, No. 06-CR-987 (DC), 2024 WL 621554, at *1 (S.D.N.Y. Feb. 14, 2024) (citation omitted). Section 1B1.10(b)(2)(A), one such policy statement, bars a court from reducing a term of imprisonment to "less than the minimum of the amended guidelines range determined under subdivision (1) of this section." U.S.S.G. § 1B1.10(b)(2)(A). A court may only grant a reduction comparably less than the amended Guidelines range if the defendant was originally sentenced to a term below the Guidelines range following a government motion "to reflect the defendant's substantial assistance to authorities[.]" *United States v. Sanchez*, 99 F. Supp. 3d 457, 459 (S.D.N.Y. 2015) (citation omitted).

Defendant Amarante-Perez and the United States agree that none of the "disqualifying factors" listed in § 4C1.1(a) apply to him. *See Akintola,* 2024 WL 1555304, at *13. For instance, he did not use violence or credible threats of violence in connection with the offense. *See* U.S.S.G. § 4C1.1(a)(3). Nor did he personally cause any substantial financial hardship or possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or dangerous weapon. *See id*. § 4C1.1(a)(6), (7). At first blush, Defendant Amarante-Perez appears to be eligible for a two-point reduction to his base offense level, resulting in a Guidelines range of forty-six to fifty-seven months of imprisonment. *See id.* § 4C1.1(a).

However, the Government argues that such a reduction would be inconsistent with policy statements by the Sentencing Commission. (Gov. Opp. at 5.) In the Government's view, if the Court were to reduce Defendant's sentence, it would run afoul of the mandate in U.S.S.G. § 1B1.10(b)(2)(A): "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range determined under

4

subdivision (1) of this section." The Government notes that the Court sentenced Defendant Amarante-Perez to a term of forty-five months, just below the amended range of forty-six to fifty-seven months. (Gov. Opp. at 5.) The U.S. Probation Office echoes the Government's argument. (Probation Memo at 3.)

Indeed, this Court cannot reduce Defendant Amarante-Perez's sentence for exactly that reason. As explained above, a two-level reduction to his base offense level would yield an amended Guidelines range of forty-six to fifty-seven months. However, Defendant's original forty-five-month sentence is below the lowest bound of that range. The Sentencing Guidelines do not allow courts to reduce a term of imprisonment to "less than the minimum of the amended guideline range determined under subdivision (1) of this section." U.S.S.G. § 1B1.10(b)(2)(A). The "only exception" to the rule—substantial assistance to the authorities—does not apply here. *See Sanchez*, 99 F. Supp. 3d at 459. The Court concludes that Defendant Amarante-Perez is ineligible for a sentence reduction pursuant to Amendment 821. *See United States v. Polanco-Gonzalez*, No. 17-CR-688 (VM), 2024 WL 2305153, at *1 (S.D.N.Y. May 21, 2024) (finding a defendant ineligible for a sentence reduction under Amendment 821 because his original sentence was below the lower bound of an amended Guidelines range of 97 to 121 months).

### IV.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Amarante-Perez's motion for a sentence reduction (ECF No. 227).

**SO ORDERED.**

Hartford, Connecticut
October 3, 2024

                                             /s/Vernon D. Oliver
                                             VERNON D. OLIVER
                                             United States District Judge